IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANTWON G. WHITTEN, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:17cv00262 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| LESLIE FLEMING, *et al.*, | ) | United States District Judge |
|     Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Antwon G. Whitten, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. §1983, alleging that the defendants violated his rights concerning a sexual assault complaint he filed at Wallens Ridge State Prison. The court finds that Whitten's allegations fail to state a cognizable federal claim; therefore, the court will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).[1]

I. COMPLAINT

Whitten alleges that on October 31, 2015, his cellmate sexually assaulted him by touching his buttocks. Whitten reported the incident to prison officials. After an investigation, prison officials determined that Whitten's complaint was unfounded.

Whitten argues that the defendants failed to follow Virginia Department of Corrections (VDOC) policies concerning complaints filed under the Prison Rape Elimination Act (PREA); failed to sufficiently investigate the matter; failed to believe his version of the incident; failed to explain why they did not believe him; and called him a liar. Whitten states that the defendants' actions left him "harmed emotionally" and put his safety "at risk of harm." As relief, Whitten

---

[1] Pursuant to 28 U.S.C. § 1367(c), the court declines to exercise supplemental jurisdiction over any state law claims.

seeks a declaration that the defendants violated his rights, an apology from two of the defendants, and damages.

II. DISCUSSION

To state a claim for relief under § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A plaintiff must assert factual allegations that raise a right to relief that is "plausible on its face," not one that is speculative or merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must dismiss an action or claim filed by a prisoner against an employee of a governmental entity if the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). In this case, Whitten's allegations do not demonstrate the violation of any federal right; thus, the court will dismiss the complaint without prejudice for failure to state a claim.

**A. VDOC Policy Violation**

To the extent Whitten claims that the defendants violated VDOC policies, his allegations fail to state a cognizable federal claim. *See Riccio v. Cty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that violations of state procedural rules do not present a federal due process issue and, as such, are not actionable under § 1983). Accordingly, the court will dismiss this claim.

**B. PREA Violation**

To the extent Whitten contends that the defendants violated PREA by their "deliberate indifference" and failure to investigate his sexual assault allegation, the claim also fails. This

2

court and others have found no basis in law for a private cause of action under § 1983 to enforce an alleged PREA violation.[2] *See, e.g., Snodgrass v. Messer,* No. 7:16cv00050, 2017 U.S. Dist. LEXIS 34329, at *14-15 (W.D. Va. Mar. 10, 2017); *Chapman v. Willis*, No. 7:12cv00389, 2013 U.S. Dist. LEXIS 74694, at *12-14, 2013 WL 2322947, at *4 (W.D. Va. May 28, 2013); *Berry v. Eagleton*, No. 13-2379, 2014 U.S. Dist. LEXIS 121552, at *21-22, 2014 WL 4273314, at * 10 (D.S.C. Aug. 29, 2014) (citing other cases). Thus, Whitten fails to state a § 1983 claim based on an alleged violation of the PREA, and the court will dismiss this claim.

### D. Prison Complaint Unfounded

To the extent Whitten alleges that the defendants violated his federal rights by finding his sexual assault complaint unfounded, discrediting his testimony, or insufficiently investigating his allegations, he fails to state a cognizable federal claim.

"Ruling against a prisoner on an administrative complaint does not cause or contribute to [a constitutional] violation," *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Moreover, failure to investigate a prisoner complaint or grievance does not assert a due process violation. *See Charles v. Nance*, 186 F. App'x 494, 495 (5th Cir. 2006); *Sweat v. Rennick*, No. 9:11-2908-JMC-BM, 2012 U.S. Dist. LEXIS 55200, at *5, 2012 WL 1358721, at *2 (D.S.C. Feb. 7, 2012) ("Plaintiff's complaint that this Defendant has not properly investigated his claims . . . fails to set forth a claim for a violation of a constitutional right."). Accordingly, Whitten's allegations do not rise to the level of a violation of his federal rights, and the court will dismiss this claim.

### D. Verbal Harassment

Finally, to the extent Whitten complains that the defendants called him a liar, his claim fails. Verbal harassment or verbal abuse by prison officials in and of itself does not state a

---

[2] "The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. . . . .The statute does not grant prisoners any specific rights." *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 U.S. Dist. LEXIS 119933, at *7-8, 2008 WL 3851294, at *3 (D. Vt. Aug.13, 2008).

3

constitutional deprivation under § 1983. *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *Johnson v. Laham*, 9 F.3d 1543 (4th Cir. 1993). The Constitution does not "protect against all intrusions on one's peace of mind." *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991). Verbal harassment of an inmate, even to an extent that it causes an inmate fear or emotional anxiety, does not constitute an invasion of any identified liberty interest. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights). Because Whitten has alleged at most verbal harassment, the court finds that Whitten has not alleged a claim of constitutional magnitude and, thus, will dismiss this claim.

### III. CONCLUSION

Finding that none of Whitten's allegations rise to the level of a violation of a federal right, the court will dismiss his complaint without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

An appropriate order will be entered.

Entered: August 28, 2017.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge